1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEROME DONALD CLARK,

11              Plaintiff,              No. CIV S-09-1638 WBS GGH P
          vs.

12

13   TRAN, et al.,
                                       ORDER &
14              Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17              Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

18   1983.  Pending before the court is plaintiff's motion for summary judgment filed on December

19   14, 2009 (Doc. 27) to which defendants filed an opposition.[1]  Plaintiff has also filed a motion for

20   default judgment (Doc. 32) and a motion to strike (Doc. 33).

21   \\\\\

22   \\\\\

23   \\\\\

24   \\\\\

25   _____

26        [1] Defendants filed a motion for summary judgment on June 11, 2010, that is not yet fully
     briefed.

II.  Motion for Summary Judgment

Legal Standard for Summary Judgment (Moving Party Has the Burden of Proof at Trial

Burdens on summary judgment motion differ depending on who will carry the burden of persuasion at trial.  "As the party with the burden of persuasion at trial, the [moving party] must establish "beyond controversy every essential element of its' [ ] claim. [The non-moving party] can defeat summary judgment by demonstrating the evidence, taken as a whole, could lead a rational trier of fact to find in its favor."  Southern California Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003).

Analysis

Plaintiff moves for summary judgment against two of the four defendants in this case, Dr. Rohrer and Dr. Collinsowrth, stating that they were deliberately indifferent to his serious medical needs.  Plaintiff believes that delay in some treatment for his broken hand caused harm and his pain medication expired and was not renewed.  However, plaintiff's motion for summary judgment is essentially a copy of plaintiff's complaint, including the same exhibits.  While plaintiff does set out undisputed facts, plaintiff only provides approximately two pages of analysis and concludes that summary judgment should be granted in his favor.  Plaintiff's motion fails to cite to evidence describing how these defendants were in violation of the Eighth Amendment.

While defendants do not dispute the majority of plaintiff's undisputed facts, plaintiff still fails to describe how the defendants are liable.  Plaintiff concludes that these defendants were liable for not renewing the pain medication prescription, but fails to identify the connection to these defendants.

Plaintiff also contends that because there was a delay in treatment for his hand surgery, defendants were liable, though plaintiff never explains how.  Plaintiff states that a non-defendant doctor who performed surgery on the hand stated that because the hand had begun to

2

1  heal, the hand had to be re-broken during surgery.  However, plaintiff does not even state the

2  name of the doctor or point to any evidence that this is in fact what the doctor said.

3         Assuming arguendo that plaintiff did have evidence that a delay in medical

4  treatment caused an injury, mere delay in medical treatment without more is insufficient to state a

5  claim of deliberate medical indifference.  Shapley v. Nevada Bd. of State Prison Com'rs, 766

6  F.2d 404, 407 (9th Cir. 1985).  Plaintiff has not even attempted to demonstrate that defendants

7  were deliberately indifferent to his medical needs through this delay in treatment.[2]

8         For all these reasons, plaintiff has failed to meet his burden and the motion for

9  summary judgment should be denied.

10  III.  Motion for Default Judgment

11         On January 7, 2010, plaintiff moved for an order of default judgment alleging that

12  defendants answered the complaint twenty days late and had not taken part in the proceedings.

13  Plaintiff's motion is devoid of merit and is denied as frivolous.

14  IV.  Motion to Strike

15         On January 7, 2010, plaintiff filed a motion to strike defendants' answer to the

16  complaint alleging that defendants' answer was filed in bad faith as was defendants' December

17  18, 2009, request for an extension of time.  This motion is also denied as meritless and frivolous.

18         Accordingly, IT IS HEREBY ORDERED that plaintiff's January 7, 2010 motions

19  for default judgment and to strike (Doc. 32, 33) be denied.

20         IT IS HEREBY RECOMMENDED that plaintiff's December 14, 2009 motion for

21  summary judgment (Doc. 27), be denied.

22  \\\\\

23

24         [2] In fact, plaintiff states in his undisputed facts that a delay in receiving an orthopedic
        consultation was delayed due to paperwork being misplaced by defendants.  In Farmer v.
25  Brennan, 511 U.S. 825 (1994) the Supreme Court  defined a very strict standard which a plaintiff
        must meet in order to establish "deliberate indifference."  Of course, negligence is insufficient.
26  Farmer, 511 U.S. at 835.

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within fourteen days after service of the objections.  The parties are

7  advised that failure to file objections within the specified time may waive the right to appeal the

8  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  DATED:   06/28/2010

10                                            /s/ Gregory G. Hollows

11                                        _____

12  GGH: AB                                UNITED STATES MAGISTRATE JUDGE
    clar1638.sj

13

14

15

16

17

18

19

20

21

22

23

24

25

26